**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BICK HOLDINGS, INC., and BICK | ) | |
| GROUP INC., MARY FRANCES | ) | |
| CALLAHAN, MARY CLARE BICK, | ) | |
| JAMES PATRICK BICK, JR., | ) | |
| WILLIAM JOSEPH BICK, | ) | |
| MARY PATRICIA DAVIES, | ) | **Case No.  4:13-cv-462** |
| JOSEPH JOHN BICK, FRANCIS | ) | |
| XAVIER BICK, MARY MARGARET | ) | |
| JONZ, MARY SARAH ALEXANDER, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF HEALTH AND HUMAN SERVICES; | ) | |
| KATHLEEN SEBELIUS, in her official | ) | |
| Capacity as the Secretary of the United | ) | |
| States Department of Health and Human | ) | |
| Services; UNITED STATES | ) | |
| DEPARTMENT OF THE TREASURY; | ) | |
| JACOB J. LEW, in his official | ) | |
| capacity as the Secretary of the | ) | |
| United States Department of the Treasury; | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| LABOR; and SETH D. HARRIS, in his | ) | |
| official capacity as Acting Secretary of the | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW Plaintiffs, Mary Frances Callahan, Mary Clare Bick, James Patrick Bick, Jr., William Joseph Bick, Mary Patricia Davies, Joseph John Bick, Francis Xavier Bick, Mary Margaret Jonz, Mary Sarah Alexander, Bick Holdings, Inc., and Bick Group Inc., by and through their attorneys, and state to this Court as follows:

## INTRODUCTION

1.     Plaintiffs seek judicial review of Defendants' violations of constitutional and statutory provisions in connection with the Defendants' promulgation and implementation of certain regulations adopted under the 2010 Patient Protection and Affordable Care Act (hereafter, "PPACA"), specifically those regulations mandating that non-exempt employers pay for, as part of employee health benefit plans, certain goods and services, regardless of whether paying for such goods and services violates the employer's religious and moral values.

2.     Specifically, Plaintiffs ask the court for declaratory and injunctive relief from the operation of regulations confirmed and promulgated by the Defendants on February 15, 2012, mandating that group health plans include coverage, without cost-sharing, for "all Food and Drug Administration-approved contraceptive methods, sterilization procedures and patient education and counseling for all women with reproductive capacity" in plan years beginning on or after August 1, 2012 (hereafter, "the Mandate"), *see* 45 CFR § 147.130 (a)(1)(iv), as confirmed at 77 Fed. Register 8725 (Feb. 15, 2012), adopting and quoting Health Resources and Services Administration (HRSA) Guidelines found at http://www.hrsa.gov/womensguidelines.

3.     Plaintiffs, Mary Frances Callahan, Mary Clare Bick, James Patrick Bick, Jr., William Joseph Bick, Mary Patricia Davies, Joseph John Bick, Francis Xavier Bick, Mary Margaret Jonz, Mary Sarah Alexander (the "Bicks") are adherents of the Catholic religion.  The Bicks own the controlling interest in Plaintiff, Bick Holdings, Inc. ("BHI") and its subsidiaries,

including Bick Group Inc., and wish to conduct their business in a manner that does not violate the principles of their religious faith.

4.     Plaintiffs' Catholic beliefs include the belief that human life is a sacred gift from God and that individuals are not permitted to cause, or pay for, directly or indirectly, the intentional, unjustified termination of such life.

5.     The Bicks have concluded that complying with the Mandate would require them to violate their religious beliefs because it would require them and/or the corporations they control to pay for and provide not only contraception and sterilization, but also abortion, because certain drugs and devices that the Bicks have concluded have abortion-causing mechanisms of action, such as the "morning-after pill," "Plan B," and "Ella," come within the Mandate's and HRSA's definition of "Food and Drug Administration-approved contraceptive methods."

6.     Plaintiffs contend that by requiring them to choose between conducting their business in a manner consistent with their religious beliefs, or paying ruinous fines and penalties, the Mandate violates their rights under the First Amendment and the Religious Freedom Restoration Act, and also violates the Administrative Procedure Act.

## JURISDICTION AND VENUE

7.     This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1346(a)(2) because it is a civil action against agencies and officials of the United States based on claims arising under the Constitution, laws of the United States, and regulations of executive departments and it seeks equitable or other relief under an Act of Congress, and also pursuant to 28 U.S.C. § 1361 as this court may compel officers and agencies of the United States to perform a duty owed Plaintiffs. This Court has jurisdiction to render declaratory and injunctive relief under 28 U.S.C. §§ 2201 and  2202 and 42 U.S.C. § 2000bb-1.

This court has the authority to award Plaintiffs their costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

8.      Venue is appropriate in this district pursuant to 28 U.S.C. §1391(e)(B)-(C) because the Plaintiffs reside within this district, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## IDENTIFICATION OF PARTIES

9.      Plaintiffs, the Bicks, are individuals and citizens of the State of Missouri and the United States. The Bicks hold 91% of the voting interest in Plaintiff, BHI.

10.     Plaintiff, BHI, a Missouri corporation, is the holding company for and 100% owner of the BHI operating companies, Bick Group Inc., Bick Properties, Inc., and SEALCO, LLC.

11.     Plaintiff, Bick Group Inc. ("Bick Group"), a Missouri corporation, is a wholly-owned subsidiary of BHI and maintains the group health plan for the employees of BHI's operating companies.

12.     The Bicks operate BHI through a Board of Directors, consisting of 7 individuals, all of whom are elected by the Bicks, and one additional shareholder who is the CEO of the company.  At all times, at least one of said directors is one of the Bicks.  The Bicks have the ultimate responsibility and authority for setting and approving all phases and policies of the business of BHI and its operating companies.

13.     Defendant United States Department of Health and Human Services ("HHS"), is an agency of the United States, and is responsible for administration and enforcement of the Mandate.

4

14.     Defendant Kathleen Sebelius is Secretary of HHS, and is named as a party in her official capacity.

15.     Defendant United States Department of the Treasury is an agency of the United States, and is responsible for administration and enforcement of the Mandate.

16.     Defendant Jacob J. Lew is Secretary of the Treasury, and is named as a party in his official capacity.

17.     Defendant United States Department of Labor ("DOL") is an agency of the United States, and is responsible for administration and enforcement of the Mandate.

18.     Defendant Seth D. Harris is Acting Secretary of DOL, and is named as a party in his official capacity.

## FACTUAL ALLEGATIONS

19.     Plaintiff BHI, through its operating subsidiaries, including Bick Group, is engaged in the data center consulting, design, maintenance, service and cleaning business, as well as the business of information technology consulting for healthcare providers.

20.     BHI has its main offices at 12969 Manchester Road, St. Louis, St. Louis County, Missouri.

21.     Plaintiff Bick Group has its main offices at 12969 Manchester Road, St. Louis, Missouri.

22.     BHI and its subsidiaries, including Bick Group, share a common mission and values, which is published on BHI's website.

23.     The Bick Group website sets forth that the first "Core Value" of BHI and its subsidiaries is:

"To Honor God.

We believe in the Christian principles that form the societal mores the founders of our country believed necessary for our Democracy to work. In our dealings with customers, employees, owners, and all members of the community, we must above all strive to act in a manner which adheres to the Judeo-Christian principles of ethical behavior."

24.     BHI and its subsidiaries currently have approximately 196 full-time employees. 143 employees are covered by a group policy of health insurance offered through Bick Group and underwritten by United Healthcare Insurance Company. Like BHI's profit sharing and retirement plan, Plaintiffs consider BHI's provision of employee health insurance an integral component of furthering the company's mission and values.

25.     The Bicks hold to the teachings of the Catholic Church regarding the sanctity of human life from conception to natural death. They believe that actions intended to terminate an innocent human life by abortion are gravely sinful. Further, the Bicks adhere to Catholic Church teaching regarding the immorality of contraception and sterilization.

26.     The Bicks believe that they cannot arrange for, pay for, facilitate, or provide coverage for contraceptives, sterilization, abortion or related education and counseling without violating their religious beliefs. In other words, direct subsidization of immoral goods or services is itself an immoral act that the Bicks' faith forbids, regardless of whether those goods or services are ever used by others.

27.     BHI's group health plan was renewed on January 1, 2013 and currently contains the mandated contraceptive and abortifacient coverage objected to by the Bicks and their companies. Until January 2013, the Bicks were unaware that this plan provided coverage for contraception and abortifacients, as the Bicks believed that such drugs constituted voluntary, elective "treatment" akin to cosmetic plastic surgery and thus were not covered by BHI's group health plan.

## APPLICABLE PROVISIONS OF THE MANDATE

28.     Under the Mandate challenged herein, all employers that offer non-grandfathered group health plans must provide coverage for all FDA-approved contraceptive methods, sterilization, and education and counseling for same.

29.     Plaintiff BHI and its subsidiaries, including Bick Group, constitute a "single employer" for purposes of PPACA as defined at 42 U.S.C. § 18024(b)(4)(A), and are, thus, subject to the Mandate.

30.     BHI's group health plan contains the objectionable coverage.  Plaintiffs wish to maintain insurance coverage for BHI's employees while, at the same time, excluding coverage for all FDA-approved contraceptive methods, sterilization procedures and patient education and counseling regarding such procedures, consistent with the religious beliefs of the Bicks and their previous belief that such drugs and services were not covered by BHI's group health plan.

31.     Under the terms of the Mandate, Plaintiffs will not be permitted to obtain coverage that excludes the aforementioned drugs and services.  On the contrary, the Mandate will require that Plaintiffs continue to pay for and provide coverage of those services that Plaintiffs consider sinful and immoral, something Plaintiffs would not be required to do under Missouri state law.[1]

32.     Plaintiffs, as for-profit employers, do not qualify for the "religious employer" exemption afforded by Defendants.  See 45 CFR § 147.130 (a)(1)(iv)(A) and (B).

---

[1] The State of Missouri has its own version of a contraceptives mandate. Mo. Rev. Stat. § 376.1199. Unlike the federal Mandate being challenged here, however, the Missouri statute contains a *complete* exemption — not limited to "religious" employers — for any employer for whom "the use of such contraceptives is contrary to the moral, ethical or religious beliefs or tenets of such person or entity."  Mo. Rev. Stat. § 376.1199(4)(1).

33.     Because Plaintiffs do not qualify for the "religious employer" exemption, they are not permitted to take advantage of the "temporary safe-harbor" as set forth by the Defendants at 77 Fed. Register 8725 (Feb. 15, 2012).

34.     Failure to comply with the Mandate would likely require BHI to pay ruinous annual fines and penalties to the federal government. Under 26 U.S.C. § 4980D, Plaintiffs would likely face over $5 million in penalties for each year that they provide an insurance plan for their full-time employees that does not cover the goods and services that Plaintiffs' faith forbids them from directly subsidizing.

35.     Plaintiffs are thus now subject to the Mandate and are confronted with choosing between complying with its requirements in violation of their religious beliefs, or paying ruinous fines that would have a crippling impact on their ability to survive economically. Because the Mandate coerces Plaintiffs into complying with its requirements or abandoning integral components of the Plaintiffs' religiously inspired mission and values, it imposes a substantial burden on Plaintiffs' religious exercise.

36.     Any alleged interest Defendants have in providing free FDA-approved contraceptives, abortifacients, and sterilization and related education and counseling services, without cost-sharing, is not compelling as applied to Plaintiffs. In addition, any such interest could be advanced by Defendants through other more narrowly tailored means that do not require Plaintiffs to pay for and otherwise support coverage of such items through their employee health plan in violation of their religious beliefs and moral values.

37.     Plaintiffs lack an adequate or available administrative remedy or, in the alternative, any effort to obtain an administrative remedy would be futile.

38.     Plaintiffs lack an adequate remedy at law.

## CAUSES OF ACTION

### Count I

### Violation of the Religious Freedom Restoration Act

39.     Plaintiffs incorporate by reference all of the preceding paragraphs.

40.     Plaintiffs' sincerely held religious beliefs prevent them from providing coverage for "all FDA-approved contraceptive methods, sterilization procedures, and patient education and counseling related to such procedures."

41.     The Mandate, by requiring Plaintiffs to provide said coverage, imposes a substantial burden on Plaintiffs' free exercise of religion by coercing Plaintiffs to choose between conducting their business in violation of their religious beliefs or paying substantial penalties to the government for choosing to conduct their business in accordance with those beliefs.

42.     The Mandate furthers no compelling governmental interest.

43.     The Mandate is not narrowly tailored to furthering any compelling interest.

44.     The Mandate is not the least restrictive means of furthering the Defendants' stated interests.

45.     The Mandate and the Defendants' threatened enforcement of same violate rights secured to the Plaintiffs by the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, et seq.

46.     Absent injunctive and declaratory relief against the Mandate, Plaintiffs have been and will continue to be harmed.

## Count II

**Violation of the First Amendment to the United States Constitution Free Exercise Clause**

47.     Plaintiffs repeat and re-allege the allegations in paragraph 1 – 46 above and incorporate those allegations herein by reference.

48.     Plaintiffs' sincerely held religious beliefs prevent them from providing coverage for "all FDA-approved contraceptive methods, sterilization procedures, and patient education and counseling related to such procedures."

49.     The Mandate, by requiring Plaintiffs to provide coverage imposes a substantial burden on Plaintiffs' free exercise of religion by coercing Plaintiffs to choose between conducting their business in violation of their religious beliefs or paying substantial penalties to the government for choosing to conduct their business in accordance with those beliefs.

50.     The Mandate furthers no compelling governmental interest.

51.     The Mandate is not narrowly tailored to furthering any compelling interest.

52.     The Mandate is not the least restrictive means of furthering the Defendants' stated interests.

53.     The Mandate is neither neutral nor generally applicable.

54.     The Mandate and the Defendants' threatened enforcement of same violate Plaintiffs' rights to free exercise of religion as guaranteed by the First Amendment to the United States Constitution.

55.     Absent injunctive and declaratory relief against the Mandate, Plaintiffs have been and will continue to be harmed.

## Count III

### Violation of the First Amendment to the United States Constitution Free Speech Clause

56.     Plaintiffs repeat and re-allege the allegations in paragraphs 1 – 55 above and incorporate those allegations herein by reference.

57.     The First Amendment protects organizations as well as individuals against compelled speech.

58.     Expenditures of money are a form of protected speech.

59.     Plaintiffs believe that the aforementioned services covered by the Mandate are contrary to their religious beliefs.

60.     The Mandate would compel the Plaintiffs to subsidize services, activities, and practices Plaintiffs believe to be immoral.

61.     The Mandate compels the Plaintiffs to arrange for, pay for, provide, facilitate, or otherwise support coverage for education and counseling related to contraception, sterilization, and abortion.

62.     Defendants' actions thus violate the Plaintiffs' free speech rights as guaranteed by the First Amendment to the United States Constitution.

63.     Absent injunctive and declaratory relief against the Mandate, Plaintiffs have been and will continue to be harmed.

## Count IV

### Violation of the Administrative Procedure Act

64.     Plaintiffs repeat and re-allege the allegations in paragraphs 1 – 63 above and incorporate those allegations herein by reference.

65.     PPACA expressly delegates to an agency within Defendant United States Department of Health and Human Services, the Health Resources and Services Administration, the authority to establish "preventive care" guidelines that a group health plan and health insurance issuer must provide.

66.     Given this express delegation, Defendants were obliged to engage in formal notice and comment rulemaking as prescribed by law before Defendants issued the guidelines that group health plans and insurers must provide.

67.     Proposed regulations were required to be published in the Federal Register and interested persons were required to be given a chance to take part in the rulemaking through the submission of written data, views, or arguments.

68.     Defendants promulgated the "preventive care" guidelines without engaging in the formal notice and comment rulemaking as prescribed by law.  Defendants delegated the responsibilities for issuing "preventive care" guidelines to a non-governmental entity, the Institute of Medicine, which did not permit or provide for broad public comment otherwise required by the Administrative Procedure Act.

69.     Defendants also failed to engage in the required notice and comment rulemaking when Defendants issued interim final rules and the Mandate that incorporates the "preventive care" guidelines.

70.     In addition, in its creation of the Mandate, the Government disregarded the large body of medical evidence indicating that hormonal contraceptives can significantly increase women's risks of cancer, stroke, and other diseases.

71.     Moreover, the Mandate is contrary to Section 1303(b)(1)(A) of PPACA which provides that "nothing in this title" . . . "shall be construed to require a qualified health plan to

provide coverage of [abortion] services . . . as part of its essential health benefits for any plan year."

72.     The Mandate violates the Religious Freedom Restoration Act.

73.     The Mandate violates the First Amendment to the United States Constitution.

74.     Defendants, in promulgating the Mandate, failed to consider the constitutional and statutory implications of the Mandate on for-profit employers such as Plaintiffs.

75.     Accordingly, the Mandate is arbitrary and capricious, not in accordance with law or required procedure, and is contrary to constitutional right, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2).

76.     Absent injunctive and declaratory relief against the Mandate, Plaintiffs' have been and will continue to be harmed.

## REQUEST FOR RELIEF

Plaintiffs repeat and re-allege all allegations made above and incorporate those allegations herein by reference, and Plaintiffs request that this Court grant them the following relief and enter final judgment against Defendants and in favor of Plaintiffs:

A.     Declare that the Mandate and Defendants' enforcement of same against Plaintiffs violates the Religious Freedom Restoration Act;

B.     Declare that the Mandate and Defendants' enforcement of same against Plaintiffs violates the Free Exercise Clause of the First Amendment to the United States Constitution;

C.     Declare that the Mandate and Defendants' enforcement of same against Plaintiffs violates the Establishment Clause of the First Amendment to the United States Constitution;

13

D.    Declare that the Mandate and Defendants' enforcement of same against Plaintiffs violates the Free Speech Clause of the First Amendment to the United States Constitution;

E.    Declare that the Mandate and Defendants' enforcement of same against Plaintiffs violates the Administrative Procedure Act;

F.    Issue preliminary and permanent injunctions prohibiting Defendants, their officers, agents, servants, employees, successors in office, attorneys, and those acting in active concert or participation with them, including any insurance carriers or third party plan administrators, from applying and enforcing the Mandate and any related regulations, rules, statutes, laws, penalties, fines or assessments against Plaintiffs; and prohibiting Defendants, their officers, agents, servants, employees, successors in office, attorneys, and those acting in active concert or participation with them from applying and enforcing the Mandate against any insurance carriers or third party plan administrators with whom Plaintiffs may seek to contract with respect to the provision or administration of an employee health plan for Plaintiffs' employees;

G.    Award Plaintiffs their costs and attorney's fees associated with this action; and

H.    Award Plaintiffs any further relief this court deems equitable and just.

Respectfully submitted this 13th day of March, 2013,

/s/ *Francis J. Manion*
Francis J. Manion (KY Bar No. 85594)*
Geoffrey R. Surtees (KY Bar No. 89063)*
AMERICAN CENTER FOR LAW & JUSTICE
PO Box 60
New Hope, KY 40052
Tel: (502) 549-7020
Fax: (502) 549-5252
fmanion@aclj.org
gsurtees@aclj.org

14

Edward L. White III (MI Bar No. P62485)*
AMERICAN CENTER FOR LAW & JUSTICE
5068 Plymouth Rd.
Ann Arbor, MI 48105
Tel: (734) 662-2984
Fax: (734) 302-1758
ewhite@aclj.org

Erik M. Zimmerman*
AMERICAN CENTER FOR LAW & JUSTICE
1000 Regent University Dr.
Virginia Beach, VA 23464
Tel: (757) 226-2489
Fax: (757) 226-2836
ezimmerman@aclj.org

Carly F. Gammill*
AMERICAN CENTER FOR LAW & JUSTICE
188 Front St., Suite 116-19
Franklin, TN 37064
Tel: (615) 415-4822
Fax: (615) 599-5189
cgammill@aclj-dc.org

Attorneys for Plaintiffs

*Pro hac vice pending